# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **ERNEST SINGLETON,** | ) | **CASE NO. 4:20 CV 961** |
| | ) | |
| Petitioner, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| v. | ) | |
| | ) | |
| **MARK WILLIAMS, WARDEN,** | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

*Pro se* Petitioner Ernest Singleton, a federal inmate at Federal Correctional Institution Elkton, has filed an "Emergency Petition for Writ of Habeas Corpus" under 28 U.S.C. § 2241 and 28 U.S.C. § 1651, "in accord with the provisions" of the CARES ACT and the First Step Act, seeking immediate release to home confinement on the basis of COVID-19 circumstances. (Doc. No. 1.)

The Government has filed a brief in opposition to the Petition. (Doc. No. 3.)

For the reasons stated below, the Petition is dismissed without prejudice.

It is apparent on the face of the Petition that Petitioner has not exhausted his claims with the Bureau of Prisons ("BOP"). Exhaustion of remedies is required before a prisoner may seek a compassionate release under 18 U.S.C. § 3582 due to COVID-19 circumstances. *See United States v. Alexander*, No. 1: 17-cr-420 (N.D. Ohio May 4, 2020). It is also well settled that before a prisoner may seek *habeas corpus* relief under § 2241, he must first exhaust his administrative remedies within the BOP. *Settle v. Bureau of Prisons*, No. 16-5279, 2017 WL 8159227, at *2 (6th Cir. Sept. 20, 2017). This court agrees with other district courts that have held it is necessary for federal prisoners to demonstrate they have exhausted their administrative

remedies with the BOP before seeking relief due to COVID-19 circumstances whatever the statutory basis for their claim (*i.e*., whether they seek relief under § 2241 or 18 U.S.C. § 3582). *See, e.g., Bronson v. Carvaljal*, Case No. 4: 20-cv-914, 2020 WL 2104542, at \*\*2-3 (N.D. Ohio May 1, 2020) (Lioi, J.) (noting that the BOP has procedures in place and is in the best position in the first instance to determine which federal prisoners are suitable for home confinement based on COVID risk factors); *Walker v. Williams*, Case No. 4: 20-cv-917 (N.D. Ohio May 7, 2020).

Thus, regardless of the statutory underpinning for Petitioner's claims, he is not entitled to seek relief in this court until he demonstrates he has exhausted available administrative remedies with the BOP.

## Conclusion

Accordingly, in that the Petition on its face indicates Petitioner has not exhausted his administrative remedies, the Petition is dismissed without prejudice pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

        */s/Dan Aaron Polster 5/18/20*
        DAN AARON POLSTER
        UNITED STATES DISTRICT JUDGE